IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NORTHERN DISTRICT OF TEXAS
FILED

SEP 17 2015

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | | |
|---|---|---|
| LAURA LEE MASTRONARDI, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-452-A |
| | § | |
| WELLS FARGO BANK, N.A., ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion to remand filed by
plaintiffs, Laura Lee Mastronardi a/k/a Laura Lee Sawyer
("Laura") and Brenton James Mastronardi ("Brenton"), to which
defendants, Wells Fargo Bank, N.A. ("Wells Fargo"), Hector
Estrada ("Estrada"), and Megan Marin ("Marin"), responded.
Having considered plaintiffs' motion, defendants' response,
plaintiffs' reply, the record, and applicable authorities, the
court concludes that such motion should be denied.

I.

## Background

### A.   Plaintiff's State Court Pleading

Plaintiffs initiated this action on May 4, 2015, by filing
their original petition in the District Court of Tarrant County,

Texas, 153rd Judicial District.  In summary form, the allegations
of that pleading were as follows:

Laura is the mortgagor and owner of property on Sea Turtle
Way in Fort Worth, Tarrant County, Texas.  Brenton is her
husband.  An agreement was entered into with Wells Fargo, whereby
lesser mortgage payments would be owed for one year, and then the
loan would be modified.  However, once that year was up, Wells
Fargo conspired with its employees, Estrada and Marin to, among
other things, intentionally lose documents and refuse to properly
process documents for loan modification.  As a result of that
conspiracy, their modification application was denied.

B.   The Removal to This Court

Defendants removed the action to this court alleging that
this court has subject matter jurisdiction by reason of diversity
of citizenship under 28 U.S.C. § 1332, and amount in controversy
in excess of the sum or value of $75,000, exclusive of interest
and costs.  Defendants contend that the Texas citizenship of
Estrada and Marin should be disregarded because they were not
properly joined as defendants.

C.   The Motion to Remand

Plaintiffs contend in the motion to remand that removal is
inappropriate, because (1) the notice of removal was not timely
filed; (2) all defendants did not consent to removal;

(3) defendants waived the right to remove through their actions in state court; and, (4) there is no complete diversity because the non-diverse defendants, Estrada and Marin, are properly joined.

D.   Response to Motion to Remand

In response, defendants argue that (1) the notice of removal was timely because Wells Fargo has not been properly served with process, or, in the alternative, Wells Fargo can rely on the later service of defendants, Estrada and Marin, and join in their timely removal of the action; (2) Estrada and Marin consented to the removal by joining as removing defendants; (3) the actions taken by Wells Fargo in state court were not substantial enough to waive the right to removal; and (4) there is complete diversity because non-diverse defendants, Estrada and Marin, were improperly joined.

II.

Analysis

A.   The Removal Was Timely

Section 1446(b) of Title 28 requires that a notice of removal be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading in the action. "The Supreme Court clarified this language. . . holding that a defendant's thirty-day removal

3

period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels." <u>City of Clarksdale v. BellSouth Telecomms., Inc.</u>, 428 F.3d 206, 210 (5th Cir. 2005) (citing <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347-48 (1999)).

Though removal is a question of federal law, proper service is defined by state law. <u>Clarksdale</u>, 428 F.3d at 210-11. Improper service on a defendant does not start the thirty-day time period for removal. <u>See Thompson v. Deutsche Bank Nat'l. Trust Co.</u>, 775 F.3d 298, 304 (5th Cir. 2014).

Plaintiffs and defendants agree that Wells Fargo is a financial institution. Doc.[1] 12 at 11 n. 5; Doc. 7 at 9. Section 17.028(b) of the Texas Civil Practice and Remedies Code defines the method under Texas law for service of process on a financial institution by saying that it may be served by "(1) serving the registered agent of the financial institution; or (2) if the financial institution does not have a registered agent, serving the president or a branch manager at any office located in this state." TEX. CIV. PRAC. & REM. CODE. ANN.§ 17.028(b).

Plaintiffs claim that they searched the Texas Secretary of State's records for a registered agent of "Wells Fargo Home

---

[1] The "Doc. ___" references are to the numbers assigned to the referenced items on the court's docket in this action.

4

Mortgage" and "Wells Fargo Home Mortgage a division of Wells Fargo Bank N.A." but were unable to locate a registered agent for either, and that, because they could not locate a registered agent for either entity, they delivered the process to the Service Manager of the Wells Fargo Bank branch on the 2nd floor of the Wells Fargo Tower located at 201 Main Street, Fort Worth, Tarrant County, Texas.  Doc. 7 at 9.

However, plaintiffs filed this action against "Wells Fargo Bank, N.A.," not "Wells Fargo Home Mortgage" or "Wells Fargo Home Mortgage a division of Wells Fargo Bank N.A."[2]  Doc. 1, Ex. C-1. Wells Fargo has designated with the Texas Secretary of State a registered agent for service of process.  Doc. 20.  Such agent is Corporation Service Company with an address of 211 E. 7th Street, Suite 620, Austin, TX  78701-3218.  Id.  The record indicates that Wells Fargo was never served through delivery of the process to its registered agent.  Doc. 12 at 11-12.  As previously mentioned, under § 17.028(b)(2) a branch manager may be served only if the financial institution does not have a registered agent.  Thus, plaintiffs did not properly serve process on Wells Fargo in this action.

---

[2]Plaintiffs in this case did not, as they contend, incorrectly name Wells Fargo as a defendant; in fact, they specifically argue they named the correct defendant.  Doc. 15 at 9.

Inasmuch as Wells Fargo was entitled to remove this action
to this court as an unserved defendant, the court need not decide
whether Wells Fargo could rely on the later service of Estrada
and Marin to timely remove the action.

B.    Consent of All Defendants

Under 28 U.S.C. § 1441, all served defendants are required
to join in removal of an action to federal court. See 28 U.S.C. §
1441; Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262-
63 (5th Cir. 1988). In Crowell v. Shell Oil Company, the Fifth
Circuit held that no affirmative written submission was needed
from removing defendants to meet this requirement. 541 F.3d 295,
302 (5th Cir. 2008).  The Fifth Circuit concluded in Crowell that
a joint notice of removal listing all of the defendants, signed
by a single attorney, satisfied the requirement that all
defendants join in removal. Id.

Here, plaintiffs claim that removal is improper because all
defendants, specifically Estrada and Marin, did not provide
written consent to the notice of removal. Doc. 7 at 10. However,
all three defendants, Wells Fargo, Estrada, and Marin, joined in
the notice of removal, clearly satisfying any requirement, that
all defendants join in removal.  Doc. 1 at 1.

6

C.    There Was No Waiver

A defendant can waive the right to removal through his actions in state court by "proceeding to defend the action in state court or otherwise invoking the processes of that court." Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986) (citations omitted).  However, defendants that have merely answered or answered and asserted compulsory counterclaims have generally not been found to have waived the right to remove.  See e.g. Pennington v. Carmax Auto Superstores Inc., No. H-09-1937, 2010 WL 1050266, at *2 (S.D. Tex. Mar. 17, 2010) (holding that filing an answer and special exceptions did not waive defendant's right to removal because failing to file a special exception prior to filing an answer constitutes a waiver of pleading defects); Wise v. El Paso Natural Gas Co., No. EP-89-CA-435-H, 1991 WL 109748, at *2 (W.D. Tex. Jan. 23, 1991) (holding that filing an answer and serving discovery requests was not sufficient to waive the right to remove).

Plaintiffs claim defendants waived the right to removal through negotiation of a Rule 11 agreement (to extend a hearing deadline), filing an answer, and requesting in its answer attorney's fees, court costs, and other remedies.  Doc. 1, Ex. C-10; Doc. 1, Ex. C-13 at 1-2; Doc. 7 at 10-14; Doc. 15 at 9. While plaintiffs view all of these actions as a waiver of the

7

right to remove a case to federal court, the focus is on the filing of an answer in state court which requested attorneys fees, court costs, and other remedies. Doc. 1, Ex. C-13 at 1-2; Doc. 7 at 13.   Plaintiffs frame this as a permissive counterclaim seeking affirmative relief in state court. Doc. 7 at 13.   But, plaintiffs fail to support their argument with any authority from the Fifth Circuit, federal district courts in this state, or Texas courts.   Doc. 7 at 12-13.   Wells Fargo claims filing an answer and asking for attorney's fees and costs is not a counterclaim but an affirmative defense. Doc. 12 at 13-14.

Requesting costs and attorneys fees in an answer in state court did not waive the right of a defendant to remove a case to federal court.   John H. Carney & Assocs. v. State Farm Lloyds, 376 F. Supp. 2d 697, 703-04 (N.D. Tex. June 28, 2005).   Requests for costs and attorneys fees appear in virtually all answers and generally do not amount to a defendant seeking affirmative relief.   Id.;   Yandell v. Standard Ins. Co., No. G-06-461, 2006 WL 2882807, at *2-3 (S.D. Tex. Oct. 5, 2006) (finding that requests for attorneys fees did not amount to a counterclaim, and even if such requests were a counterclaim they would be compulsory).

The court concludes that Wells Fargo did not waive its right to remove this action to this court.

D.    Complete Diversity Exists

      The determination of the question of whether there was complete diversity depends on the merit of Wells Fargo's contention that Estrada and Marin were improperly joined as defendants.

      To determine whether a party was fraudulently or improperly joined to prevent removal, "the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007).  Because defendants have not alleged actual fraud in the pleadings, the applicable test for improper joinder is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004). To answer this question, the court may either: (1) conduct a Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573-74.  A Rule 12(b)(6)-type analysis of plaintiffs' claims appears to be the proper method here to

determine whether there exists a reasonable basis for a
conclusion that plaintiffs might be able to recover against
Estrada and Marin.

     1.    <u>The Pleading Standard to be Used in the Rule
          12(b)(6)-Type Analysis</u>

     The Fifth Circuit has held that federal courts should use
the state court pleading standard when conducting the Rule
12(b)(6)-type analysis of an improper joinder claim in a motion
to remand to determine if the plaintiff has stated a claim
against a non-diverse defendant.  <u>Int'l Energy Ventures Mgmt.,
L.L.C. v. United Energy Grp., Ltd.</u>, ___ F.3d ___ , 2015 WL
4979009, at * 3 (5th Cir. Aug. 21, 2015).  Decisions of Texas
appellate courts suggest that by reason of a recent amendment to
the Texas Rules of Civil Procedure the issue of federal pleading
standard versus state pleading standard now is somewhat moot.

     In September 2011, the Texas legislature amended
section 22.004 of the Texas Government Code to add a requirement
that the Texas Supreme Court "adopt rules to provide for the
dismissal of causes of action that have no basis in law or fact
on motion and without evidence."  TEX. GOV'T CODE § 22.004(g)
(West Supp. 2014).  In response, the Texas Supreme Court adopted
in 2013 Texas Civil Rule 91a governing dismissal of baseless
causes of action, which provides in its 91a.1 subpart as follows:

> [A] party may move to dismiss a cause of action on the
> grounds that it has no basis in law or fact.  A cause
> of action has no basis in law if the allegations, taken
> as true, together with inferences reasonably drawn from
> them, do not entitle the claimant to the relief sought.
> A cause of action has no basis in fact if no reasonable
> person could believe the facts pleaded.

TEX. R. CIV. P. 91a.1 (West Supp. 2014).

Thus, Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule that is predicated on the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, as that rule was interpreted and applied by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Though Texas appellate courts have not held that the pleading standard necessary to avoid dismissal under Rule 91a and federal Rule 12(b)(6) are identical, they have interpreted Rule 91a as requiring a federal Rule 12(b)(6)-type analysis and have relied on federal case law in applying Rule 91a.  See Drake v. Walker, No. 05-14-00355-CV, 2015 WL 2160565, at *2-3 (Tex. App.-Dallas May 8, 2015, no pet.)(mem. op., not designated for publication); Wooley v. Schaffer, 447 S.W.3d 71, 76 (Tex. App.-Houston [14th Dist.] 2014, pet. denied); GoDaddy.com, LLC v. Toups, 429 S.W.3d 752, 754-55 (Tex. App.-Beaumont 2014, pet. denied).

This court recognized the effect of the new Texas Rule 91a in Bart Turner & Associates v. Krenke when, while applying the

11

Texas pleading standard, the court noted that the allegations of
the pleading now must be examined "in the context of Rule 91a."
No. 3:13-CV-2921-L, 2014 WL 1315896, at *3 (N.D. Tex. Mar. 31,
2014).  In Sazy v. Depuy Spine, LLC, the court said with
reference to the new Texas Rule 91a that "[t]his new rule now
allows a state court to do what a federal court is allowed to do
under Federal Rule of Civil Procedure 12(b)(6)."  No. 3:13-CV-
4379-L, 2014 WL 4652839, at *4 (N.D. Tex. Sept. 18, 2014); see
also Linron Props., Ltd. v. Wausau Underwriters Ins. Co., No.
3:15-CV-00293-B, 2015 WL 3755071, at *2-3 (N.D. Tex. June 16,
2015) (using Federal Rules 12(b)(6) and 8(a)(2) to interpret
Texas Rule 91a as it applies to Texas pleading standards in an
improper joinder case); Plascencia v. State Farm Lloyds,
No. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081 (N.D. Tex. Sept.
25, 2014).

     Now that the Texas pleading standard has, essentially, been
brought into line with the federal standard, the court is making
its ruling on the basis of the case law applicable to the federal
standard.  Rule 8(a)(2) of the Federal Rules of Civil Procedure
provides, in a general way, the applicable federal standard of
pleading. It requires that a complaint contain "a short and plain
statement of the claim showing that the pleader is entitled to
relief," FED. R. CIV. P. 8(a)(2), "in order to give the defendant

fair notice of what the claim is and the grounds upon which it
rests." Twombly, 550 U.S. at 555 (internal quotation marks and
ellipsis omitted).  Although a complaint need not contain
detailed factual allegations, the "showing" contemplated by Rule
8 requires the plaintiff to do more than simply allege legal
conclusions or recite the elements of a cause of action. Id. at
555, 578 n.3.  Thus, while a court must accept all of the factual
allegations in the complaint as true, it need not credit bare
legal conclusions that are unsupported by any factual
underpinnings. See Iqbal, 556 U.S. at 679 ("While legal
conclusions can provide the framework of a complaint, they must
be supported by factual allegations.").

     Moreover, to survive a motion to dismiss for failure to
state a claim, the facts pleaded must allow the court to infer
that plaintiff's right to relief is plausible. Id. at 678.  To
allege a plausible right to relief, the facts pleaded must
suggest liability; allegations that are merely consistent with
unlawful conduct are insufficient.  Twombly, 550 U.S. at 566-69.
"Determining whether a complaint states a plausible claim for
relief . . . [is] a context-specific task that requires the
reviewing court to draw on its judicial experience and common
sense."  Iqbal, 556 U.S. at 679.

13

In <u>Waters v. State Farm Mutual Automobile Insurance Co.</u>, the Southern District of Texas took into account in its § 12(b)(6) analysis in an improper joinder case the pleading requirements for fraud prescribed by Rule 9(b) of the Federal Rules of Civil Procedure.  158 F.R.D. 107, 108-09 (S.D. Tex. 1994); <u>see</u> <u>also</u> <u>Medistar Twelve Oaks Partners, Ltd. v. American Econ. Ins. Co.</u>, No. H-09-3828, 2010 WL 2949337, at * 1-2 (S.D. Tex. July 23, 2010) (using Rule 9(a) to evaluate adequacy of fraud allegations in a Texas pleading).

For a pleading of a fraud claim to be sufficient, the plaintiff must set forth in the complaint the "who, what, when, where, and how" of any alleged fraud.  <u>United States ex rel.</u> <u>Williams v. Bell Helicopter Textron</u>, 417 F.3d 450, 453 (5th Cir. 2005) (internal quotation marks omitted). "[A] plaintiff pleading fraud [must] specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." <u>Herrmann</u> <u>Holdings, Ltd. v. Lucent Techs., Inc.</u>, 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotation marks omitted).

14

2.   <u>The Complaint Fails to Survive a Rule 12(b)(6)-Type
     Analysis as to Claims Against Estrada and Marin</u>

Plaintiffs allege a conspiracy among defendants, Estrada,

Marin, and Wells Fargo.[3]  The conspiracy allegations against

Estrada and Marin are mere conclusory allegations that amount to

no more than bare assertions that are unsupported by any factual

underpinnings that would suggest that plaintiffs have a plausible

claim for conspiracy against Estrada and Marin.

In addition, The Fifth Circuit, interpreting Texas law, has

held that "a corporation cannot conspire with itself, no matter

how many of its agents participated in the wrongful action."

<u>Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.</u>, 331 F.3d

452, 463 (5th Cir. 2003). "[T]he actions of a corporate agent on

behalf of the corporation are deemed the corporation's acts."

<u>Orthoflex, Inc. v. ThermoTek, Inc.</u>, Nos. 3:11-CV-0870-D, 3:10-CV-

2618-D, 2012 WL 2864510, at *6 (N.D. Tex. July 12, 2012) (quoting

<u>Holloway v. Skinner</u>, 898 S.W.2d 793, 795 (Tex. 1995)). To find

that an employee's actions were not actions of the corporation

for a claim of conspiracy, there must be some personal benefit or

self-dealing on the part of the employee. See <u>Mathis v. DCR</u>

<u>Mortg. III Sub I, LLC</u>, 952 F. Supp. 2d 828, 836-37 (W.D. Tex.

---

[3]It appears that plaintiffs may have abandoned this claim. Their reply does not address the
defendants' response that a conspiracy is not possible in this action and plaintiffs point to no specific
allegations of conspiracy in the pleadings.

July 8, 2013); <u>Crouch v. Trinque</u>, 262 S.W.3d 417, 427 (Tex. App.-Eastland 2008, no pet.) (discussing <u>Fojtik v. First Nat'l Bank of Beeville</u>, 752 S.W.2d 669 (Tex. App.-Corpus Christi 1988), <u>writ denied</u>, 775 S.W.2d 632 (Tex. 1989)).

At the time the events giving rise to this action took place, both individuals, Estrada and Marin, were employees of Wells Fargo. Doc. 1, Ex. C-1 at 2, 4. Plaintiffs have not alleged any facts that would plausibly lead to the conclusion that Estrada or Marin were acting outside the scope of their employment or personally benefitted from the alleged actions of conspiracy.

Plaintiffs maintain that their state court pleading contains the following fraud allegations against the non-diverse defendants[4]:

> ¶ 13.  Plaintiffs will show that... Plaintiff(sic) have been the victims of... fraud at the hands of Hector Estrada ... which will be detailed following.
>
>     \*       \*       \*       \*       \*
>
> ¶ 17.  Hector Estrada... proceeded to intentionally lose documents, and refused to properly process documents for loan modification....
> ¶ 18.  Hector Estrada intentionally lost documents and information requested and supplied by Plaintiffs on the following date....

---

[4] Plaintiffs' reply focuses on the fraud claim as it relates to Estrada. In an abundance of caution, the court addresses the claim of fraud to the extent it applies to both Estrada and Marin, because the plaintiffs' petition makes conclusory allegations of fraud that may be related to Marin.

\*          \*          \*          \*          \*

¶ e.  5/8/2013 - Plaintiffs did not know that this was the
first of an estimated 25 contacts with Estrada in which he
repeatedly lost Mastronardi's documents no less than 9 times
from 4/12/2013 to 10/14/2013. For example, the Divorce
Decree involved was lost 8 times, including the copy
supplied as a part of the package confirmed as having been
received... on 4/4/2013.
¶ f.  10/14/2013 - NOTICE OF HAMP WITHDRAWAL was sent to
Plaintiffs on 10/14/2013, stating that "documents not
received" was the reason for the Withdrawal, despite the
documents having been submitted 9 times to Defendant
Estrada.
¶ g.  Defendant Estrada therefore, between 4/4/2013 and
10/14/2013, defrauded Plaintiffs out of the cost of
complying with the document productions requested 9 times,
calculated as being $ 1500... additional interest...
calculated as... $6668; plus increasing damage to Plaintiff
Mastronardi's credit...

\*          \*          \*          \*          \*

¶ i.  Upon receipt of Withdrawal of HAMP modification
document on 10/14/2013, Plaintiffs called for Hector
Estrada, but requested to speak to someone in charge\*\*\*.
¶ j.  On 10/20/2013... Hector Estrada... requested another
copy of the Divorce Decree that had been supplied 9 times
before, along with pay stubs and child support proof, which
had also been supplied 9 times before.

\*          \*          \*          \*          \*

¶ 20.  Rather, upon information and belief, Defendant Wells
Fargo engaged in a fraudulent scheme in conspiracy with
Hector Estrada to deprive Plaintiffs of their home and reap
a large bonus for Wells Fargo or its co-conspirators...
¶ 21.  Upon information and belief, Hector Estrada, knowing
at the outset that he was not going to modify Plaintiff
Mastronardi's loan...

Doc. 15 at 3-4 (record references omitted).

While some of those conclusory allegations against Estrada are couched as factual allegations, a close analysis discloses that they are nothing more than mere conclusions.  No facts are alleged that would plausibly lead to the conclusion that plaintiffs suffered any damage by reason of the conduct of Estrada or Marin, bearing in mind that ultimately Wells Fargo, not Estrada or Marin, would have made the decision as to whether to modify the loan.  When the Texas standard for pleading, as it now exists, is applied, plaintiffs' pleading fails to allege a plausible basis for a conspiracy or fraud claim against Estrada or Marin.

For the foregoing reasons, the court has concluded from its Rule 12(b)(6)-type analysis that plaintiffs' pleading fails to state a claim against Estrada or Marin, and that there is no reasonable basis for the court to predict that plaintiffs might be able to recover against Estrada or Marin.

E.   Conclusion

For the reasons given above, the court has decided that plaintiffs' motion to remand should be denied and that plaintiffs' purported claims and causes of action against Estrada and Marin should be dismissed because of failure of plaintiffs' pleading to state a claim against either of them upon which relief can be granted.

III.

Order

Therefore,

The court ORDERS that plaintiffs' motion to remand be, and is hereby, denied.

The court further ORDERS that all claims and causes of action asserted by plaintiffs against Estrada and Marin be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

The court further ORDERS that from this point forward Wells Fargo is the only defendant in this action and that the style of this action shall be "Laura Lee Mastronardi a/k/a Laura Lee Sawyer and Brenton James Mastronardi, plaintiffs, v. Wells Fargo Bank, N.A., defendant."

SIGNED September 17, 2015.

JOHN McBRYDE
United States District Judge